UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY WILLIS,

          Petitioner,          Case No. 1:21-cv-673

v.                                  Honorable Ray Kent

GARY MINIARD,

          Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has consented to the conduct of all proceedings in this case, including entry of a final judgment and all post-judgment motions, by a United States Magistrate Judge. (ECF No. 6.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.     **Factual allegations**

Petitioner Jeffrey Willis is incarcerated with the Michigan Department of Corrections at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan.  On November 2, 2017, following an eleven-day jury trial in the Muskegon County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b.  On December 18, 2017, the court sentenced Petitioner to life imprisonment without parole for first-degree murder, to begin following Petitioner's sentence of 2 years' imprisonment for felony-firearm.[1]

Petitioner recently filed a habeas corpus petition challenging his convictions.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on August 2, 2021.  (Pet., ECF No. 1, PageID.14.)

The petition raises 4 grounds for relief, as follows:

I.     Violation of Petitioner's 4th Amendment protections against unreasonable search and seizure by the government.

II.    Violation of Petitioner's 5th, 14th, and 6th Amendment protections when the state interfered with attorney-client communications.

III.   The trial court's abuse of discretion by the introduction of unlawful and prejudicial evidence against him at the trial.

---

[1] This is one of two sentence strings that include a term of life imprisonment without parole for murder.  Petitioner was arraigned for the crimes in this case before the other case, *People v. Willis*, No. 16-006040 (Muskegon Cnty. Cir. Ct.), and convicted and sentenced in this case before the other case.

      IV.      The violation of Petitioner's 5th and 14th Amendment rights to due process by the denial of impeaching/exculpatory evidence.

(Pet., ECF No.1, PageID.6–10.)  Petitioner reports that he has exhausted his state court remedies with respect to each issue.  Nonetheless, Petitioner has also filed a motion to stay these proceedings and hold them in abeyance (ECF No. 3), to permit him to exhaust his state court remedies—not with respect to the four issues quoted above, but with respect to two new issues:

      V.      Ineffective assistance of trial and appellate counsel.

      VI.      Prosecutorial misconduct of the state prosecutor and his office.

(Mot. to Stay, ECF No. 3, PageID.53.)  Petitioner reports that he is "currently filing a M.C.R. 6.500 motion in the state court in order to exhaust all his available remedies."  (*Id.*)

      The Court construes Petitioner's motion to stay as a motion to amend his petition to add habeas grounds V and VI.  Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2242 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Hodges v. Rose*, 510 F.2d 643, 649 (6th Cir. 1978).  In the initial stages of a case, Federal Rule of Civil Procedure 15 permits a party to amend its pleadings once as a matter of course.  Fed. R. Civ. P. 15(a).  Therefore, the Court will permit Petitioner to amend his petition to include the two new issues.  The remainder of the relief requested in the motion to stay is addressed below.

## II.    Exhaustion of State Court Remedies

      Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so

that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The petition indicates that Petitioner has exhausted his state court remedies with respect to the first four habeas issues. Petitioner acknowledges, however, that he has not exhausted his state court remedies with regard to issues V and VI.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has, apparently, not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Muskegon County Circuit Court. Petitioner has expressed his intention to do just that.

4

If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). By way of his motion to stay, Petitioner seeks to avail himself of the stay remedy discussed in *Palmer*.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date

5

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on September 8, 2020.  Petitioner did not petition for certiorari to the United States Supreme Court, (Pet., ECF No. 1, PageID.3), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on December 7, 2020.  Accordingly, absent tolling, Petitioner would have one year, until December 7, 2021, in which to file his habeas petition.  Petitioner filed the instant petition on August 2, 2021, more than four months before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him.  But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.  The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also*

*Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

7

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, I also conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment allowing Petitioner's amendment of the petition, denying his motion to stay, dismissing the petition for failure to exhaust state-court remedies, and denying a certificate of appealability.

Dated: August 24, 2021

/s/ Ray Kent
Ray Kent
United States Magistrate Judge